IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.

M. JAMES NASUTI,

        Plaintiff,

v.

WFM-WO, INC. d/b/a WHOLE FOODS MARKET,

        Defendant.

---

### NOTICE OF REMOVAL

---

Defendant WFM-WO, Inc. d/b/a Whole Foods Market ("WFM"), through undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the state court action captioned *M. James Nasuti v. WFM-WO, Inc. d/b/a Whole Foods Market*, Civil Action No. 2018CV0303, filed in the District Court of the County of El Paso, Colorado to the United States District Court for the District of Colorado.

In support of removal, WFM states as follows:

**I.    OVERVIEW**

On or about November 11, 2018, Plaintiff commenced this action by filing a complaint alleging violations of the Colorado Anti-Discrimination Act ("CADA") and seeking injunctive relief pursuant to C.R.C.P. 65 in the District Court of El Paso County, assigned case number 2018CV0303.

NOTICE OF REMOVAL

FIRMWIDE:161328885.1 099817.1015

Plaintiff alleges, generally, that WFM discriminated against him on the basis of age by failing to hire him for a number of positions to which he applied over the course of several years. *See* Complaint, **Exhibit A**, at ¶23.

As set forth more fully below, this is a proper case for removal to this Court pursuant to 28 U.S.C. § 1441 because the Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, and WFM has satisfied the procedural prerequisites for removal.

## II.  REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT-MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 and 1441.

As the party seeking removal, WFM bears the burden of proving by a preponderance of evidence that the requirements for diversity jurisdiction are satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284 (10th Cir.2001). As shown below, WFM has met that burden.

### A.  Complete diversity of citizenship exists in this case.

Plaintiff is a resident of the state of Colorado, residing at 6450 North Academy Blvd., Colorado Springs, Colorado, 80918. *See* Complaint, **Exhibit A**, at ¶ 7.

WFM is a Delaware corporation with its principal office at 550 Bowie Street, Austin, Texas 78703. *See* Complaint, **Exhibit A**, at ¶ 9; Colorado Secretary of State Report, **Exhibit B**. Thus, WFM is a citizen of Delaware and Texas for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c).

### B.  Amount in controversy exceeds $75,000 exclusive of costs and interest.

The "amount in controversy" is measured by the value of the object of the litigation, exclusive of interest and costs. *Baker v. Sears Holding Corp.*, 557 F.Supp.2d 1208, 1212 (D.Colo. 2007). The amount in controversy is "an estimate of the amount that will be put at

NOTICE OF REMOVAL

issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). Accordingly, "documents that demonstrate Plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability." *Id.*

Pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), "the notice of removal may assert the amount in controversy if the initial pleading seeks a money judgment, but the State practice...does not permit demand for a specific sum." In Colorado, a plaintiff may not state a demand for a specific dollar amount in the complaint. C.R.C.P. 8(a) ("No dollar amount shall be stated in the prayer or demand for relief"). Notwithstanding, in the prayer for relief, Plaintiff seeks $100,000 in back pay for two years and $100,000 in liquidated damages, for a total of $200,000. *See* Complaint, **Exhibit A**, at 12.

As evidenced by the allegations in the Complaint and the categories of damages claimed by Plaintiff, WFM has met its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

## III.    NOTICE OF REMOVAL IS TIMELY.

In general, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b).

NOTICE OF REMOVAL

Here, Plaintiff attempted to serve WFM by mailing the Summons and Complaint to its

registered agent for service of process on November 21, 2018.  *See* Return of Service, **Exhibit C**.

This attempted service was defective, as C.R.C.P. 4 does not permit service via mail in such

actions.  Accordingly, WFM executed and filed a Waiver and Acceptance of Service on

December 12, 2018.  *See* Waiver and Acceptance of Service, **Exhibit D**.  At the earliest, WFM

has 30 days from the defective service date, or until December 21, 2018, to remove this case.

Accordingly, this Notice of Removal is timely.

**IV.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.**

In addition to satisfying the jurisdictional and timing requirements, WFM has also

satisfied all other procedural requirements for removal:

1.    The District Court of El Paso County, Colorado is located within the District of

Colorado.  *See* 28 U.S.C. § 1441(a).

2.    No previous application has been made for the relief requested in this notice.

3.    Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings, process and orders

received by WFM are identified as follows:

> **Exhibit A**:  Complaint
>
> **Exhibit C***:*  Return of Service
>
> **Exhibit D:**  Waiver and Acceptance of Service
>
> **Exhibit E**:  Summons
>
> **Exhibit F**:  District Court Civil Case Cover Sheet
>
> **Exhibit G**:  Motion for Limited Early Discovery

NOTICE OF REMOVAL

Pursuant to D.C.COLO.L.Civ.R 81.1 a copy of the register of actions from El Paso County District Court is also attached as **Exhibit H**. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the El Paso District Court.

4.    A Civil Cover Sheet and a Supplemental Civil Cover Sheet for Notices of Removal have been filed contemporaneously with this Notice of Removal.

WHEREFORE, WFM respectfully removes this action from the District Court in and for the County of El Paso, bearing Case Number 2018CV0303, to this Court.

Dated December 21, 2018

*/s/ Laurie J. Rust*

Laurie J. Rust
LITTLER MENDELSON, P.C.
1900 Sixteenth Street
Suite 800
Denver, CO  80202
Telephone:  303.629.6200
Email: lrust@littler.com

*Attorneys for Defendant*
*WFM-WO, Inc. d/b/a Whole Foods Market*

NOTICE OF REMOVAL

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of December, 2018, I filed the foregoing **NOTICE**

**OF REMOVAL** using the Court's CM/ECF filing system, and served the following party by

First Class U.S. Mail:

M. James Nasuti
6450 North Academy Boulevard
Colorado Springs, CO  80918
*Plaintiff*

NOTICE OF REMOVAL